UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK ARHEBAMEN,

        Petitioner,

v.

        Case Number 12-10029
        Honorable David M. Lawson

ROBIN BAKER, District Director, Bureau
of Immigrations and Customs Enforcement,

        Respondent.
_____/

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

The petitioner, presently confined at the St. Clair County Jail, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petitioner seeks release from the custody of Immigration and Customs Enforcement (ICE) in light of an alleged failure to provide a adequate low-sodium, lactose-free vegan diet and hygiene items. The plaintiff further alleges that the failure to provide an adequate diet caused a medical emergency that required the plaintiff's hospitalization. The respondent maintains that the petition should be denied for failure to present a claim cognizable on habeas review and that the relief that the petitioner seeks — release from ICE detention — is not a remedy available for a claim challenging the conditions of confinement, which instead must be brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The Court agrees that the claims presented are not cognizable on habeas review and otherwise lack merit. The petition will therefore be denied.

I.

The petitioner is a native and citizen of Nigeria. He is also an aggravated felon subject to an administrative final order of removal. He is confined presently in ICE custody in the St. Clair

County Jail pending a determination of his recent request for asylum. The petitioner has requested a low-sodium, lactose-free vegan diet. The petitioner alleges that prison officials have fed him peanut butter sandwiches for every meal, and that when the petitioner complained, he was removed from the vegan diet. The petitioner was eventually returned to the vegan diet and, he alleges, was fed peanut butter sandwiches for each meal. The petitioner alleges that this diet caused dizziness as well as other symptoms, and that the decongestant prescribed to treat those problems caused him to become seriously ill and be admitted to the hospital. The petitioner alleges that he now becomes ill when he eats apples or anything "watery." The petitioner further alleges that he has not received hygiene items, that prison officials do not respond to his complaints in writing, and that he has not been permitted to access the immigration law library.

## II.

The present petition is subject to dismissal for several reasons. First, a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 is not the proper vehicle for challenging the conditions of confinement. Certainly, where a prisoner is challenging the very fact or duration of his physical imprisonment and the relief that he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). On the other hand, habeas corpus is not available to prisoners who are complaining only of mistreatment during their legal incarceration. *Cook v. Hanberry*, 592 F.2d 248, 249 (5th Cir. 1979). Complaints that involve only conditions of confinement "do not relate to the legality of the petitioner's confinement, nor do they relate to the legal sufficiency of the criminal court proceedings which resulted in the incarceration of the petitioner." *Maddux v. Rose*, 483 F. Supp. 661, 672 (E.D. Tenn. 1980). A state

inmate therefore should bring a claim challenging the conditions of confinement under 42 U.S.C. § 1983. *Austin v. Bell*, 927 F. Supp. 1058, 1066 (M.D. Tenn. 1996). An individual in federal custody, like the petitioner, should bring such an action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

The petitioner in this case is not challenging the fact or duration of his imprisonment. Instead, the petitioner alleges that his diet is insufficiently varied, that as a result he suffers from various health problems, and that he does not have access to hygiene products or the law library. Those are claims challenging conditions of confinement that are not properly brought in an action under 28 U.S.C. § 2241. Such claims might be cognizable under *Bivens*. However, the Court cannot construe the petition as a *Bivens* action for two reasons. First, the petitioner seeks relief — release from custody — that is not available under *Bivens*. *Glaus v. Anderson*, 408 F.3d 382, 387 (7th Cir. 2005). Second, the petitioner has not named a proper respondent. In his complaint, the petitioner named as respondent Attorney General Eric Holder, a government official with no authority over ICE. Moreover, "[o]fficial capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. New York Dep't of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978)). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id*. at 166. "The doctrine of sovereign immunity not only bars suits against the United States when the plaintiff seeks monetary damages but also extends to suits for money damages against officers and agents of the United States in their official capacities." *Blakely v. United States*, 276 F.3d 853, 870 (6th Cir. 2002).

Finally, the respondent has presented an affidavit from ICE officer Kevin C. Raycraft stating that the petitioner is being provided with a vegan diet and is visited by medical staff twice daily to monitor his condition. The respondent has also provided logs of the petitioner's meals between January 4 and January 19, 2012. Those logs reflect a diet that, while not particularly varied, does consist of more than peanut butter sandwiches. The petitioner's claims, no matter how construed, appear to lack merit.

The petitioner also has filed a motion asking the Court to order an investigation and prosecution of Kevin Raycraft for filing a false affidavit in this Court. The Court finds no substance to the petitioner's allegations in that motion; moreover, the decision to investigate and prosecute federal crimes is committed to the executive branch of government. *United States v. Talley*, 164 F.3d 984, 997 (6th Cit. 1999).

Accordingly, it is **ORDERED** that the petitioner's petition for a writ of habeas corpus is **DENIED**.

It is further **ORDERED** that the petitioner's motion to refer for prosecution [dkt. #8] is **DENIED**, and the renewed motion for release [dkt. #11] is **DISMISSED AS MOOT**.

        s/David M. Lawson
        DAVID M. LAWSON
        United States District Judge

Dated: September 28, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 28, 2012.

        s/Deborah R. Tofil
        DEBORAH R. TOFIL